PAUL J. YOUNG (Utah Bar 4701)
489 South 1650 East
Springville, UT  84663
Cell (801) 830-9952
Res (801) 491-8575
Attorney for Plaintiff
Thetruthtoday@yahoo.com



IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANASAZI CUTURAL RESEARCH, et al.  )<br>)<br>Plaintiffs,  )<br>)<br>)<br>vs.  )<br>)<br>)<br>)<br>THOMAS ROBBINS, et al.  )<br>)<br>Defendants.  ) | RESPONSE TO ORDER<br>TO SHOW CAUSE<br><br><br><br>Case No. 2:04-CV-01055<br>Judge Paul G. Cassell |

MAY IT PLEASE THE COURT, counsel received notice of an Order to Show Cause on Saturday the 11th of December, 2004 originally requiring a response by December 20, 2004. Upon a Motion and request of counsel for good cause he was granted until December 31, 2004 to make a response. Counsel respectfully submits this response to meet the requirement of the Court that diversity as described under 28 U.S.C. § 1332 be established in order to seek federal jurisdiction of this matter and allow it to go forward rather than dismissing it for cause

As counsel has previously indicated many people have been wronged by the defendants in this action who now seek an interpleader of funds controlled by the defendants that are the rightful property of the plaintiffs and this is a matter that has been

1



and continues to be under formal investigation by federal authorities including the Security Exchange Commission (SEC) and the Federal Bureau of Investigation (FBI) who have held meetings with the plaintiffs and taken their testimony. It was under the advice and encouragement of federal agents that this action was filed in the first place.

The starting point for any analysis of who must be counted for purposes of diversity jurisdiction is Strawbridge v. Curtiss, 3 Cranch 267 (1806), in which the Court held that "complete diversity" is required among "citizens" of different States. Complete diversity, however, is not constitutionally mandated. See State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530 -531 (1967) (statutory interpleader need not satisfy complete diversity requirement as long as there is diversity between two or more claimants); see also American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts 1301(b)(2), Supporting Memorandum A, pp. 426-436 (1969).

This case is an interpleader inasmuch as the plaintiff while under a common contract were promised a sum certain return over a particular period of time and the defendants remain in breach of that contract and refuse to return the originally invested funds and proceeds. All parties claim title to the funds. What plaintiffs seek is that the funds be interplead to the custody of the court, along with damages, so that by the court's determination a disbursal of the funds can be made. This "complete diversity" interpretation of the general-diversity provision is a matter of statutory construction. "Article III poses no obstacle to the legislative extension of federal jurisdiction, founded on diversity, so long as any two adverse parties are not co-citizens." State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 531 (1967).

In Tashire where a bus and a truck collided in California resulting in a large number of casualties, including many Canadians and citizens of five States, the court held that *"The diversity requirement of 28 U.S.C. 1335 is satisfied here and the federal courts have jurisdiction since that provision requires only " minimal diversity," i. e., diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens, and " minimal diversity" is permissible under Article III of the Constitution. Pp. 530-531."* The fact that some of the victims were from California, as were the bus and truck companies, did not defeat the case due to a restriction under 28 U.S.C. § 1332 regarding complete diversity. As defined: *The diversity jurisdiction of the district courts requires that there be complete diversity of the parties, which means that no party on one side has the same citizenship as a party on the other side. Interpleader in federal district courts, however, requires only minimal diversity, which means that at least one party has citizenship that differs from the others.*

In the present case in light of the fact that there are over 100 plaintiffs in the class, it shall also be sought to have this matter considered a class action suit. Where members of a class are diversified the class is diversified for federal diversity qualifications. For example, in a class action [494 U.S. 185, 200] authorized pursuant to Federal Rule of Civil Procedure 23, only the citizenship of the named representatives of the class is considered, without regard to whether the citizenship of other members of the class would destroy complete diversity or to the class members' particular stake in the controversy. See Snyder v. Harris, 394 U.S. 332, 340 (1969); C. Wright, Law of Federal Courts 484 (4th ed. 1983); see also Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 375, and

n. 18 (1978) (citizenship of parties joined under ancillary jurisdiction not taken into account for purposes of determining diversity jurisdiction); Wright, supra, at 28 (same).

As to the case itself there is also a criminal element involved that is currently under the jurisdiction of the Securities Exchange Commission. It will be presented that there have been hundreds of communications across state and international lines to perpetrate the fraud and transfers of millions of dollars by wire to other states and countries with the intent to deprive the investors of their money. The conspiracy of the defendants cut across state and federal lines of jurisdiction. Some defendants are in Utah but their co-conspirators are in adjoining states and countries in Europe.

The plaintiffs are domiciled in seven states and two countries. They were solicited across state, federal, and even international jurisdictions, by wire, by telephonic communications, by facsimile, by e-mail transmission, and by induced personal travel. Most all of the transactions and communications have been conducted by Mr. Robbins, an American citizen who resides in Europe, through Mr. Bybee and other named defendants. Through cooperation with federal investigations the plaintiffs have previously communicated this information to federal agents with whom they are working to assist in the federal criminal claims against the defendants.

Many of the transactions began in Utah, were communicated from a base in Utah, and funds were collected in an account in Utah. However the funds came from the plaintiffs in the States of Oregon, Arizona, California, Washington, Colorado, Missouri, Nevada, New Mexico, and the country of Costa Rica and where the subject form contract was used in all of the transactions. Funds came into a checking account known as the "I Trust" at Wells Fargo Bank, account No. 4861-505626, from which they were then

4

illegally wired to a company in the Principality of Liechtenstein and then to other companies in Guernsey, Israel, Australia, Ireland, and The United Kingdom. Some of the funds were also transferred back to the United States for purposes not contemplated under the contracts with the plaintiffs. The defendants claim to have control of the funds but refuse to give them to the plaintiffs even though the contract by its provisions requires them to do so.

This case should be permitted to go forward inasmuch as it does meet the minimum guidelines of an interpleader action and has the attributes of a class action. Also in the interest of justice there is no other forum appropriate to the circumstances due to the diversity of the plaintiffs and the attention of federal authorities. Attorney for the SEC, Mr. Lindsey McCarthy in the Salt Lake Office of the SEC may be consulted as he is assigned to this matter.

Respectfully submitted this 30th day of December, 2004.

Paul J. Young
Counsel for the plaintiffs